IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEREK J. DEGROOT,

|  |  |  |
|---|---|---|
|  | Petitioner, | OPINION AND ORDER |
| v. |  | 22-cv-546-wmc |
| CHRIS BUESGEN, |  |  |
|  | Respondent. |  |

Petitioner Derek J. DeGroot seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for Waukesha County on two counts of first-degree sexual assault of a child under 13 and separate counts of second-degree sexual assault of a child, possession of drug paraphernalia, child enticement, and felony bail jumping.  Petitioner advances three general grounds for relief:  (1) he was denied his right to self-representation at trial; (2) his trial counsel was ineffective; (3) and he was denied his right to a fair trial.  Also pending before the court are motions by petitioner's counsel to withdraw as attorney of record (dkt. #40) by petitioner consenting to the withdrawal of his counsel (dkt. #39) and two motions from petitioner asking this court to rule on his petition (dkt. ##41 and 43).  For the reasons explained below, petitioner's counsel's motion for counsel to withdraw will be granted, the petition for a writ of habeas corpus will be denied, and petitioner's remaining motions will be denied as moot.

BACKGROUND[1]

Petitioner Derek J. DeGroot is presently incarcerated by the Wisconsin Department of Corrections as the result of his convictions on six charges drawn from three criminal complaints.  In Waukesha County Case No. 2014CF1531, DeGroot was charged with: (1) second-degree sexual assault of a child; (2) possession of drug paraphernalia; and (3) child enticement.  (Dkt. #13-2, at 2.)  In Waukesha County Case No. 2015CF908, DeGroot was charged with one count of felony bail jumping.  (*Id*.)  Finally, in Waukesha County Case No. 2015CF909, DeGroot was charged with two counts of first-degree sexual assault of a child under 13.  (*Id*. at 3.)  All three cases were joined for jury trial.

At the beginning of the second day of trial, DeGroot asked to proceed *pro se*. (Dkt. #13-6, at 4.)  A lengthy discussion followed during which DeGroot, his attorney, the assistant district attorney, and the trial judge discussed: (1) a "big conflict" between DeGroot and his attorney; (2) DeGroot's frustration with not having a plea agreement; and (3) court procedure and the time it would take DeGroot to learn and prepare to proceed with representing himself, including what constitutes hearsay.  (Dkt. #13-6, at 4-24.)  At the close of this discussion, the trial court denied DeGroot's motion.  After two days of testimony, the jury returned guilty verdicts on all six charges.  (Dkt. #13-2, at 3.)  The circuit court then imposed concurrent sentences totaling 20 years of initial confinement and 20 years of extended supervision to be followed by 15 years of probation. (*Id*.)

---

[1] The following facts are drawn from the petition and the state court records provided by petitioner and the state.

DeGroot proceeded to file a *pro se*, postconviction motion in circuit court under Wis. Stat. § 974.02, in which he alleged that: (1) the circuit court violated his Sixth Amendment right to self-representation; (2) he was denied effective assistance by his trial counsel; and (3) he was denied a fair trial due to both prosecutorial and judicial misconduct. (Dkt. #13-2, at 2.)  The court denied DeGroot's motion without holding a hearing on his allegations of ineffective assistance. (*Id*. at 3.)

DeGroot next filed an appeal in the Wisconsin Court of Appeals.  In a per curiam decision, the Wisconsin Court of Appeals: (1) affirmed the trial court's decision to deny DeGroot's postconviction motion without a hearing because he failed to satisfy the pleading standard set out in *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433; (2) concluded that the trial court properly exercised its discretion in denying DeGroot's mid-trial motion to proceed *pro se*; and (3) denied relief on DeGroot's claims of an unfair trial without addressing the merits because the pleadings were undeveloped. (Dkt. # 13-2, at 11) (citing *State v. Pettit*, 171 Wis. 2d 627, 492 N.W.2d 633, 642 (Ct. App. 1992)).  Thereafter, DeGroot filed petitions for further review in the Wisconsin Supreme Court and the United States Supreme Court, but both petitions were denied.

OPINION

Petitioner now seeks federal habeas corpus review, raising the same issues that were rejected in state court.  Before it can review the merits of those claims, however, the court must first address respondent's argument that federal review of two of his three claims for collateral relief are barred by the doctrine of procedural default.

3

## I.  Procedurally Defaulted Claims

As a threshold matter, respondent argues that petitioner has procedurally defaulted his claims of ineffective assistance of counsel and an unfair trial, rendering federal habeas review of both unavailable.  Before a federal court may consider the merits of a Wisconsin prisoner's collateral attack of his state convictions, he must first exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  Under this exhaustion doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either: (1) failed to present his claim in state court and it is clear those claims are now procedurally barred; *or* (2) presented his claim in state court, but the claim was dismissed on an adequate state procedural ground.  *Perruquet*, 390 F.3d at 514.  If the court determines that a claim was procedurally defaulted, it may also excuse the default, but only if the petitioner can show: (1) cause for the default and resulting prejudice; or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (citations omitted).

### A.  Ineffective Assistance of Counsel

Petitioner contends that he was denied his constitutional right to effective assistance of counsel at trial for a myriad of reasons.  (Dkt. #1, at 8.)  As noted above, the Wisconsin Court of Appeals rejected these claims because of petitioner's failure to satisfy the pleading standard required to earn a hearing under state law.  In Wisconsin, claims of ineffective assistance of counsel in a postconviction motion are subject to the pleading standards set out in *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433.  Under that

standard, a post-conviction motion may be denied without a hearing, if the facts alleged do not entitle the movant to relief or are merely conclusory in nature, as well as if the *record* fails to demonstrate that the movant is entitled to relief. *Id.* at ¶ 12. If a postconviction motion for ineffective assistance is denied without a hearing, the sole issue properly before the Wisconsin Court of Appeals on appeal is whether a hearing was required, since as a matter of state law, a hearing is a prerequisite for any other relief on claims of ineffective assistance. *State v. Curtis*, 218 Wis. 2d 550, 554, 582 N.W.2d 409 (Ct. App. 1998).

Here, the Wisconsin Court of Appeals expressly rejected petitioner's ineffective-assistance claims under the *Allen* pleading standard, finding his allegations either too speculative, inadequate, conclusory, or undeveloped to support any of his claims. (Dkt. #13-2, at ¶¶ 17-26.) Moreover, the Seventh Circuit has formally recognized the "*Allen*[] pleading standard" as "an adequate and independent state procedural rule" under Wisconsin law. *Whyte v. Winkleski*, 34 F.4th 617, 625 (7th Cir. 2022); *see also Lee v. Foster*, 750 F.3d 687, 693-94 (7th Cir. 2014) (*Allen* is "a well-rooted procedural requirement in Wisconsin and is therefore adequate" and "clearly served as an independent basis for the court's denial of [petitioner's] motion"). Thus, respondent argues that petitioner's ineffective-assistance claims are procedurally defaulted. (Dkt. #22, at 15.)

In his reply brief, however, petitioner contends that respondent waived this argument by failing to raise it as an affirmative defense in his initial answer, or alternatively, that the doctrine of procedural default is not applicable. As to waiver, "[respondent's] silence on the subject of procedural default is normally not enough, standing alone, to demonstrate the intent to relinquish the defense that is the essence of true waiver"; further,

5

the Seventh Circuit has held that "it can be appropriate for a federal court to overlook the State's failure to timely assert (or to assert at all) the petitioner's procedural default." *Perruquet*, 390 F.3d at 517-18. Here, the court *will* overlook respondent's delay in asserting procedural default because it is clear that petitioner's claim was dismissed on adequate and independent state grounds, meaning that no Wisconsin court was given a fair opportunity to address the merits, and despite its delay, petitioner still had an opportunity to raise arguments against the doctrine of procedural default in his reply. Therefore, the court does not conclude that respondent waived its procedural default defense.

Nor can the court conclude that respondent's invocation of the doctrine of an adequate and independent state procedural rule is inapplicable. First, petitioner argues that the Wisconsin Court of Appeals decision rests on federal not state law, emphasizing that its first sentence on the subject invokes *Strickland*, but ignoring that the state court went on analyze petitioner's allegations under *Allen*'s pleading standard, as opposed to addressing the merits. Second, petitioner argues that the Seventh Circuit has only accepted the procedural standard in *Allen* as an independent and adequate state grounds for cases subject to collateral attack under Wis. Stat. § 974.06, not for cases involving a direct appeal under § 974.02. However, this distinction makes no difference since under Wisconsin law, the *Allen* pleading standard applies to ineffective-assistance claims under *both* §§ 974.06 and 974.02 alike. *See Tatum v. Avila*, No. 18-cv-1898, 2023 WL 2760642, at *6 (E.D. Wis. Mar. 30, 2023) (holding petitioner's ineffective assistance of counsel claim under § 974.02 *was* procedurally defaulted after the Wisconsin Court of Appeals relied on *Allen* to conclude petitioner was not entitled to an evidentiary hearing).

6

Since the Wisconsin Court of Appeals expressly relied on *Allen* in rejecting petitioner's ineffective-assistance claims here as well, those claims are barred by the doctrine of procedural default unless petitioner shows that an exception applies. In his case, petitioner argues that his procedural default should be excused because he is acting *pro se* and was unable to keep a flash drive in his cell, which deprived him of meaningful access to the prison library. As support, petitioner cites *Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007), in which the Seventh Circuit ordered remand based on factual disputes about a prison library's contents -- specifically whether it contained the relevant statute of limitations set forth in 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. However, *unlike in Moore*, petitioner does *not* allege that his default was due to deficient content in the library's holdings.

Thus, the sole exception for petitioner's default is his status as a prisoner who represents himself. However, the Seventh Circuit has long "rejected the argument that a petitioner's pro se status alone constitutes cause in a cause-and-prejudice analysis." *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010). Because petitioner has failed to establish good cause to excuse his default, therefore, petitioner's ineffective-assistance claims must be dismissed as procedurally barred.

### B. Denial of a Fair Trial

Alternatively, petitioner contends that he was denied his constitutional right to a fair trial due to issues of multiplicity and variance, as well as prosecutorial and judicial misconduct. Respondent argues that these claims have been procedurally defaulted for different reasons, as discussed below.

### 1. Multiplicity and Variance

In his supporting brief, petitioner appears to argue that his trial was unfair because: (1) the charges of first-degree sexual assault were multiplicitous (*i.e.*, exposing him to the threat of multiple punishments for the same offense); and (2) the inclusion of sexual intercourse in the jury instructions unfairly "broadened the charge" contained in his original criminal complaint, constituting an improper variance.  However, respondent argues that these claims are unexhausted and procedurally barred because petitioner failed to present either claim fairly to the Wisconsin Court of Appeals when given the opportunity to do so.  (Dkt. #22, at 19-20.)

To fairly present a federal claim in state court, a habeas petitioner must "articulate[] both the operative facts and the controlling legal principles on which his claim is based" in a manner that alerts the state court to its federal underpinnings but is not required to "cite book and verse on the federal constitution."  *Perruquet*, 390 F.3d at 519-20 (internal quotation marks and citations omitted).  In deciding whether state courts were so alerted, therefore, the Seventh Circuit has identified a number of factors, including: "'(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.'"  *Sweeney v. Carter*, 361 F.3d 327, 332 (7th Cir. 2004) (quoting *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir.2001)).

In his federal petition, petitioner contends that his right to a fair trial was violated

8

by: "multiplicity," that is, by "the charging of a single offense in separate counts of an indictment," *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995); *and* "variance," that is, "when the terms of the indictment are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment," *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984).  However, in his briefing to the Wisconsin Court of Appeals, he made *no* mention of the legal principles of multiplicity *or* variance. Indeed, neither term appears in his appellate brief and petitioner did not otherwise allege that he was charged with a single offense in separate counts of a criminal indictment against him, nor that the evidence offered at trial was materially different from those alleged in the charging instrument.  Additionally, petitioner failed to present *any* analysis of these late claimed constitutional defects under any federal or state law.  Thus, the record supports a finding that these claims were not fairly presented and that they are procedurally barred because petitioner failed to exhaust state court remedies as a result.

In reply, petitioner asserts that both claims were presented in: (1) his brief to the court of appeals, which included a caption stating that he was denied a fair trial, a statement that his Sixth and Fourteenth Amendment rights were violated by the conduct of the prosecutor, and his citation to *Berger v. United States*, 295 U.S. 78, (1935), a case discussing variances; *and* (2) his petition to the Wisconsin Supreme Court, which also addresses the issue of variance.  However, "a mere 'passing reference' to a constitutional issue certainly does not suffice" to present a claim fairly.  *Chambers v. McCaughtry*, 264 F.3d 732 (7th Cir. 2001) (citing *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001)); *see also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("a state prisoner does not 'fairly present' a claim

9

to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim").  And raising either of these claims in a petition to the Wisconsin Supreme Court is irrelevant because "[p]resenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement."  *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

### 2.  Prosecutorial and judicial misconduct

In fairness to petitioner, his briefing before the Wisconsin Court of Appeals, *did* make several allegations of prosecutorial and judicial misconduct, claiming that he was denied a fair trial as a result.  However, the Wisconsin Court of Appeals found that petitioner's briefs again failed "to develop coherent arguments that apply relevant legal authority to the facts of record," but "instead rel[ied] largely upon transcript excerpts taken out of context coupled with conclusory and speculative assertions."  Citing the appellate briefing standard in *Pettit*, 492 N.W.2d at 642, the Court of Appeals concluded that petitioner "failed to adequately develop his arguments as to prosecutorial and judicial misconduct legally and to properly support the arguments factually."  (Dkt. # 13-2, at 11.) Thus, it rejected petitioner's claims under *Pettit*, since an appellate court "need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped."  (Dkt. # 13-2, at 11) (citing *Pettit*, 492 N.W.2d at 642).

Moreover, as with the pleading standard in *Allen,* the Seventh Circuit has recognized that Wisconsin's appellate briefing standard in *Pettit* is a procedural rule that "has consistently been a reason to reject claims advanced by litigants in the Wisconsin state

10

courts." *Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011), *vacated on other grounds*, *Thurmer v. Kerr*, 566 U.S. 901 (2012). Thus, a Wisconsin court's rejection of a claim as inadequately briefed constitutes an adequate and independent state law ground for purposes of establishing procedural default. *Reinwand v. Novak*, No. 19-cv-767-bbc, 2020 WL 1923239, at *7-8 (W.D. Wis. Apr. 21, 2020) (collecting cases holding that Wisconsin's rule against considering inadequately developed claims on appeal is an adequate state-law ground to establish procedural default of a federal habeas claim). Because petitioner has not demonstrated cause for his default, or shown that any other excuse applies, this claim must be dismissed.

## II. Claim to Right of Self-Representation

For the reasons just reviewed above, therefore, the only claim that the Wisconsin Court of Appeals addressed on the merits was his claim that the trial court denied his right to self-representation in violation of *Faretta v. California*, 422 U.S. 806 (1975). However, under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas review of state court criminal convictions is greatly restricted. Specifically,

> when a claim has been adjudicated by the state courts on the merits, that is, substantively and not procedurally, a writ should be granted only if the state court's decision was "contrary to" clearly established federal law as determined by the Supreme Court, § 2254(d)(1), involved an "unreasonable" application of the same or was based upon an "unreasonable" determination of the facts in light of the evidence presented in the state court proceedings, § 2254(d)(2).

*Conner v. McBride*, 375 F.3d 643, 648-49 (7th Cir. 2004) (citation omitted). None of these

11

exceptions apply here.

A state court decision is "contrary to" federal law if the state court applies a rule different from the governing law as set forth in Supreme Court cases, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's application of federal law is "unreasonable" if it correctly identifies the controlling legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Finally, as the Seventh Circuit has explained, "an unreasonable state court decision is one 'lying well outside the boundaries of permissible differences of opinion,'" or one that is "'at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary' as to be unreasonable." *Badelle v. Correll*, 452 F.3d 648, 655 (7th Cir. 2006) (citations omitted).

The narrow standard under 28 U.S.C. § 2254(d) "was meant to be" difficult to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). It is "highly deferential" to the state court's decision. *Davis v. Ayala*, 576 U.S. 257, 269 (2015) (citing *Richter*, 562 U.S. at 103). Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Simply put, a decision is unreasonable and warrants a writ of habeas corpus only if it "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

In *Faretta*, the U.S. Supreme Court held that criminal defendants have a fundamental right to represent themselves at trial.  However, this right is not absolute.  For example, a defendant's decision to represent himself, and waive his right to counsel, must be made knowingly and intentionally.  *Id.* at 819.  This does not mandate that defendants understand every detail of self-representation or that the court engage in any particular colloquy.  *United States v. Hill*, 252 F.3d 919, 928-29 (7th Cir. 2001); *see also United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008) ("What is said to the defendant in warning him of the dangers of waiving counsel is unimportant, so long as it is established that the defendant made a knowing and informed waiver of counsel.").  The only requirement is that a defendant "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Faretta,* 422 U.S. at 835 (citation omitted).

Even assuming petitioner understood the dangers and disadvantages of a late invoked right to self-representation, his right to self-representation also depends on *when* the right is asserted.  *United States v. Kosmel*, 272 F.3d 501, 505 (7th Cir. 2001).  Specifically, the Seventh Circuit has held that a knowing and intelligent assertion made before trial commences is "absolute and must be granted," but "[trial] court[s have] broad discretion in granting mid-trial requests to proceed pro se."  *Id.* at 505-07 (listing cases reflecting this principle).  This discretion is rooted in a trial court's need to "balance the interests of the defendant against the potential disruption of the proceedings already in progress."  *Id.* at 506 (citing *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir.1988)); *see also Faretta*, 422 U.S. at 834 n.46 ("The right of self-representation is not a license to abuse

the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law.").

When applying *Faretta* in petitioner's case, the Wisconsin Court of Appeals found ample support in the record for trial court's decision to deny his mid-trial request to proceed without counsel.  In particular, the Wisconsin Court of Appeals found that decision was supported by the petitioner's "late timing" and his apparent motivation, which was a "desire for a plea agreement."  Given a trial court's broad discretion when confronted with a mid-trial request, denying petitioner's request was more than reasonable and certainly not "well outside the boundaries of permissible differences of opinion," *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal quotation marks omitted), nor was it completely inconsistent with the facts and circumstances of this case, *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002).

In opposition, petitioner argues that the Wisconsin Court of Appeals erred because it did not fault the trial court's consideration of his technical legal knowledge and actual ability to represent himself.  *See Faretta*, 422 U.S. at 835 (a defendant need not "have the skill and experience of a lawyer in order competently and intelligently to choose self-representation.").  However, as the Wisconsin Court of Appeals explained, "[t]he court's decision to deny [petitioner's] request to represent himself is properly supported, regardless of any additional findings the court may have made as to [petitioner's] technical legal knowledge"; thus, finding it wholly irrelevant that the trial judge also asked petitioner if he could define hearsay.  Regardless, having wholly failed to otherwise show that the state court's ultimate conclusion was an unreasonable application of clearly established

14

precedent, petitioner is not entitled to federal habeas relief on this claim either.

## III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 813 529 U.S. 473, 484 (2000)).  Although the rule allows the court to ask the parties to submit arguments on whether a certificate should be issued, it is not necessary to do so here.  This is because petitioner has not made a showing, substantial or otherwise, that any of his convictions were obtained in violation of clearly established federal law as decided by the Supreme Court.  Because reasonable jurists would not otherwise debate whether a different result was required, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1) The motion by petitioner's counsel seeking to withdraw (dkt. #40) is GRANTED as unopposed by petitioner (dkt. #39).

2) Derek DeGroot's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this case is DISMISSED. The clerk of court is directed to enter judgment for respondent and close this case.

3) Petitioner's motion consenting to his counsel's withdrawal (dkt. #39) and his motions for a ruling on his petition (dkt. ## 41 and 43) are DENIED AS MOOT.

4) A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 21st day of July 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge